The Prestwick Group, Inc.
W248 N5499 Executive Dr.
Sussex, WI 53089,

                            Plaintiff,

            vs.                                    Case No. _____

Landmark Studio, LTD
W184 S8425 Challenger Drive
Muskego, WI 53150-7821,

                    Defendant.

---

## COMPLAINT

---

Plaintiff, The Prestwick Group, Inc. ("Prestwick"), by its attorneys, Reinhart Boerner

Van Deuren s.c., for its Complaint against Defendant, Landmark Studio, LTD ("Landmark"),

alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for trade dress infringement and unfair competition under the

Lanham Act (15 U.S.C. § 1125(a)) and for copyright infringement under the United States

Copyright Act (17 U.S.C. § 501), seeking, among other things, a permanent injunction against

Landmark, monetary relief, and attorneys' fees and costs.

### THE PARTIES, JURISDICTION, AND VENUE

2.      Prestwick is a Wisconsin corporation with its principal place of business at W248

N5499 Executive Drive, Sussex, Wisconsin 53089.  The Prestwick Group sells products under

several proprietary brands, including Prestwick Golf Group, Prestwick Limited, Max-R, and Nex-Terra.

3.    Landmark is a Wisconsin corporation with its principal place of business at W184 S8425 Challenger Drive, Muskego, Wisconsin 53150-7821.

4.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Count I, alleging trade dress infringement and unfair competition, arises under the Lanham Act, 15 U.S.C. § 1125(a), an act of Congress, and Count II, alleging copyright infringement, arises under the United States Copyright Act, 17 U.S.C. § 501, et. seq., an act of Congress.

5.    This Court has personal jurisdiction over Landmark under Wisconsin Statute sections 801.05(c) and (d) because Landmark is a Wisconsin corporation and because Landmark is engaged in substantial and not isolated activities, including but not limited to sales activities, within Wisconsin and the claims asserted herein arise or result from Landmark's activities in Wisconsin.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District, and Landmark is subject to personal jurisdiction in this District as of the commencement of this action.

## THE PRESTWICK TRADE DRESS

7.    Since 1997, Prestwick has, among other products and services, designed, manufactured and sold high-end recycling and trash container receptacles and indoor-outdoor furnishings (the "Prestwick Products"). Prestwick Products are popular with golf courses, hotels, resorts, and colleges and universities and now can be seen in establishments in all 50 states and in 55 countries worldwide.

2

8.     While the full line of Prestwick Products features a variety of configurations, colors, and other design elements, Prestwick has created, for a significant subset of its products, an inherently distinctive and pioneering commercial look and feel that has acquired a secondary meaning in the marketplace (the "Prestwick Trade Dress").

9.     Some characteristics of the Prestwick Trade Dress include combinations of the following:

   a.   Post-and-panel construction;

   b.   Posts and other frame elements in colors that contrast with the colors of the panels;

   c.   Posts that are substantially square in cross section;

   d.   One or more top frame elements that is a decorative arch between two consecutive posts;

   e.   Decorative vertical grooves in one or more panel surface.

10.    Representative examples of Prestwick Products exhibiting the Prestwick Trade Dress appear below:



11.     The Prestwick Trade Dress is distinctive.  Not only had no manufacturer offered any product with a similar commercial look and feel before Prestwick, Prestwick has since invested significant marketing and advertising resources to promote its products and the Prestwick Trade Dress.  Since 1997, Prestwick has spent more than $15 million advertising Prestwick Products.

12.     Prestwick was the first to offer products featuring the Prestwick Trade Dress.

13.     Examples of the recycling and trash containers that existed in the marketplace before the Prestwick Trade Dress are attached hereto as Exhibit A and further demonstrate the distinctiveness of The Prestwick Trade Dress.

14.     The Prestwick Trade Dress in not functional.

15.     Sales of Prestwick Products featuring the Prestwick Trade Dress have increased more than ten-fold since Prestwick began selling them.

16.     The commercial success of the Prestwick Products results not only from Prestwick's commitment to quality and customer service, but also from the distinctive Prestwick Trade Dress.  The Prestwick Trade Dress is thus among Prestwick's most valuable intellectual property.

17.     The Prestwick Products have attracted attention among consumers and members of the public who encounter the Prestwick Products in the field.

## LANDMARK'S ACCUSED PRODUCTS

18.     Before Landmark chose to become a direct competitor of Prestwick, Landmark performed machining services as a contractor to Prestwick for products unrelated to this suit.

19.     At some point after Prestwick achieved success with its Prestwick Products, Landmark began offering a similar line of waste enclosures and indoor-outdoor furnishings, made of recycled plastic, to golf courses, hotels and resorts, colleges and universities, and other businesses.

20.     Many of the products Landmark began selling after the Prestwick Products succeeded featured a trade dress that is confusingly similar to the Prestwick Trade Dress (the "Landmark Accused Products").

21.     Landmark has sold the Landmark Accused Products in interstate commerce.

22.     Representative examples of Landmark Accused Products appear below:



## THE LMU BLUEPRINTS

23.     Prestwick provides customers with designs, renderings, and blueprints and prominently places a copyright notice on all Prestwick Products designs, renderings, and blueprints.

5

24.     Loyola Marymount University ("LMU"), one of Prestwick's customers, asked Prestwick to help apply for a grant for customized recycling centers that were to be used throughout the LMU campus.

25.     To assist LMU in obtaining the grant, Prestwick designed recycling centers for LMU and provided LMU with designs, renderings, blueprints, and a prototype for such products ("Prestwick Designs").    A true and correct copy of the Prestwick Designs is attached as Exhibit B.

26.     The Prestwick Designs contained a conspicuous copyright and intellectual property notice indicating that the Prestwick Designs are proprietary to and owned by Prestwick.

27.     On information and belief, on or around August 2012, Landmark obtained copies of the Prestwick Designs from LMU and copied the Prestwick Designs.

28.     On information and belief, Landmark copied at least one of the Prestwick Designs and used it to create a rendering, which Landmark placed on its website even though Landmark did not manufacture the particular product.  A true and correct copy of the rendering as depicted on Landmark's website is attached as Exhibit C.

29.     On information and belief Landmark copied at least one of the Prestwick Designs and used the Prestwick Designs to manufacture products for LMU.  A photo of Landmark's infringing products manufactured from the Prestwick Designs is attached as Exhibit D.

## COUNT I

**TRADE DRESS INFRINGEMENT AND UNFAIR
COMPETITION IN VIOLATION
OF 15 U.S.C. § 1125(a)**

30.     Prestwick realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

31.     Prestwick holds a federally-protected property right in the Prestwick Trade Dress, which is inherently distinctive, non-functional, has a secondary meaning in the marketplace, and serves to identify Prestwick as the source of the goods and services Prestwick offers.

32.     Landmark's Accused Products feature a trade dress that is confusingly similar to the Prestwick Trade Dress.  Attached to this Complaint as Exhibit E are representative comparisons showing the confusing similarity between representative Landmark Accused Products and Prestwick originals featuring the Prestwick Trade Dress.

33.     Prestwick has not granted Landmark permission to use a trade dress that is confusingly similar to the Prestwick Trade Dress.

34.     Landmark's manufacture, distribution, sale, and promotion of the Landmark Accused Products are likely to cause confusion and mistake and deceive retailers and consumers as to the source of the goods and services or as to the relationship between Prestwick and Landmark.

35.     Landmark's acts of trade dress infringement, unless enjoined, will cause irreparable injury to Prestwick.

36.     Prestwick has no adequate remedy at law.

7

**COUNT II**

**COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501**

37.    Prestwick realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

38.    The Prestwick Designs created by Prestwick for LMU were original works of authorship that are copyrightable subject matter under the laws of the United States.

39.    Prestwick is the sole and exclusive owner of all right, title, and interest to the copyrights related to Prestwick Designs.  The copyright is valid and subsisting.

40.    Prestwick has secured the exclusive rights and privileges in and to the statutory copyright in the Prestwick Designs by obtaining a Federal Copyright Registration with the United States Copyright Office, evidenced the Copyright Registration issued on June 17, 2014. A copy of the Copyright Registration is attached hereto as Exhibit F.

41.    Landmark has infringed Prestwick's copyright in the Prestwick Designs by copying the Prestwick Designs in order to create renderings and/or manufacture products that are virtually identical to the Prestwick Designs and/or are derivative works based on the Prestwick Designs.

42.    Landmark's conduct constitutes copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

43.    On information and belief, Landmark had actual notice and knowledge of Prestwick's ownership of the copyright in and to the Prestwick Designs at the time Landmark copied the Prestwick Designs.

44.    Upon information and belief, Landmark deliberately and willfully copied and used the Prestwick Designs.

8

45. Prestwick has not consented to Landmark's use of the Prestwick Designs.

46. Landmark committed the acts of copying, making derivative works, and/or distributing and selling copies of the Prestwick Designs with no authorization or license from Prestwick.

47. Prestwick has been and continues to be substantially irreparably injured by Landmark copying the Prestwick Designs and by the development, distribution, sale, and offers for sale by Landmark of infringing copies of the Prestwick Designs and infringing derivative works of the Prestwick Designs.

48. Unless enjoined by this Court, Landmark will continue to infringe Prestwick's copyright. Marketing and selling substantially identical or substantially derivative works based on the Prestwick Designs unjustly enriches Landmark while causing Prestwick irreparable harm.

49. Prestwick has no adequate remedy at law and cannot obtain relief except in this Court by an injunction, accounting, and damages.

**PRAYER FOR RELIEF**

WHEREFORE, Prestwick respectfully requests that the Court enter judgment in its favor and against Landmark as follows:

A. Permanently enjoin Landmark, its agents, distributors, employees, attorneys, assigns or related companies, and those in active concert or participation with any of them, from using a trade dress that is confusingly similar to The Prestwick Trade Dress;

B. Order Landmark, in accordance with 15 U.S.C. § 1116(a), to file with the Court, and serve upon Prestwick, within thirty (30) days after the entry of judgment, a report in writing and under oath, setting forth in detail the manner and form in which Landmark has complied with the terms of the injunction set forth in paragraph A above;

C.      Order that all copies of the Prestwick Designs in the possession of the Landmark, or any of their affiliates, subsidiaries, officers, agents, servants and employees, be destroyed at Defendants' cost;

D.      Order Landmark to provide an accounting of its profits resulting from its acts of trade dress infringement, unfair competition, and copyright infringement, and that such profits be paid over to Prestwick and increased as the Court finds to be just under the circumstances of this case;

E.      Award to Prestwick its actual damages suffered as a result of Landmark's false advertisements, unfair competition, and copyright infringement;

F.      Award to Prestwick treble damages arising from Landmark's intentional violation of the Lanham Act;

G.      Order Landmark to pay Prestwick's attorneys' fees, together with its costs of this suit and expenses.

H.      Award to Prestwick prejudgment and post-judgment interest on any monetary award according to the maximum allowable legal rate; and

I.      Award to Prestwick such other and further relief as the Court deems proper.

**PRESTWICK DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Dated this 24th day of June, 2014.

BY /s/ David G. Hanson
WI State Bar ID No. 1019486
dhanson@reinhartlaw.com
Daniel E. Kattman
WI State Bar ID No. 1030513
dkattman@reinhartlaw.com
Douglas J.Marsch
WI State Bar ID No. 1069244
dmarsch@reinhartlaw.com
Reinhart Boerner Van Deuren, s.c.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202-3186
T: 414-298-1000
F: 414-298-8097

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

Attorneys for the Prestwick Group, Inc.

15663084

11